UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

INTERNATIONAL GROWERS
SUPPLY INC.,

           Plaintiff,

    v.

ATLANTIS HYDROPONICS, INC.;
VIAGROW LLC;
HOME DEPOT U.S.A., INC.;
STEVE SEVENER;
NOAH D. HUBBARD; and
JOHN DOES 1–10;

           Defendants.

CIVIL ACTION NO.

1:12-CV-2728-CAP

**O R D E R**

This patent infringement action is before the court on the motion by

defendants Atlantis Hydroponics, Inc. (Atlantis), Viagrow, LLC, Steve

Sevener, and Noah D. Hubbard to stay this action pending reexamination of

one of the plaintiff's patents [Doc. No. 49], the plaintiff's motion to consolidate

this case with a related declaratory judgment action, No. 1:12-CV-1206-CAP

[Doc. No. 52], and the parties' joint preliminary report and discovery plan

[Doc. No. 54].

## I.    Plaintiff's Motion to Consolidate [Doc. No. 52]

As an initial matter, Case No. 1:12-CV-1206-CAP has now been dismissed for lack of personal jurisdiction, so the plaintiff's motion to consolidate is DISMISSED AS MOOT.

In the motion to consolidate, the plaintiff's counsel also makes two additional "requests" that the court addresses here. First, he states, "[N]o counsel for the Plaintiff . . . has been served with any papers from this case" and requests that its opposition to the nearly identical motion to stay in the declaratory judgment action "stand as and for the opposition" to the plaintiff's motion to stay in this case [Doc. No. 52, at 2]. But the plaintiff's lack of service is substantially its own fault.

The plaintiff was well aware that its own action was pending here, but no attorney appeared before this court for over three months. Plaintiff International Growers, Inc. (International) filed this patent infringement action in the Central District of California on April 21, 2011. On August 8, 2012, Judge Otero ordered the action transferred to this district because the declaratory judgment action was filed here first. *See* [Doc. No. 43]. Docket Entry 44 of the California action, No. 2:12-CV-3274, shows the following text: "RECEIVED Notice of Receipt of Electronic Case Transferred from California Central has been opened in Northern District of Georgia as case 1:12-cv-

02728, filed 08/08/2012. (yl) (Entered: 08/10/2012)." Additionally, the defendants in this action (one of whom is the plaintiff in the declaratory judgment action) filed notices, including the case numbers, in *both* actions showing that there were now two cases involving the same patents pending in this court. Attorney Robert M. Ward has represented International in the declaratory judgment action since May 25, 2012, and Mr. Ward's filings there show he was aware of the California action and its transfer to this court. *See* No. 1:12-CV-01206-CAP [Doc. No. 7] (arguing in the alternative that the declaratory judgment action should be transferred to California); *see also* No. 1:12-CV-1206-CAP [Doc. No. 18] (notifying the court and Mr. Ward on August 9, 2012 that the California infringement action had been transferred here as the present case). Yet the first activity by any attorney for International in this case did not occur until November 14, 2012—three months after the case was transferred, and one month after defendant Atlantis filed its motion to stay pending re-exam.

The court finds it incredible that the plaintiff—knowing its case had been transferred here, knowing the case number, and knowing it already had counsel to represent it in the parallel declaratory judgment action—would let its own case languish for three months. If International did not have actual

notice of the activity in this action during that time, then the fault lies at it or its counsel's feet.

Nevertheless, the court will consider the opposition to the identical motion to stay filed by International in the declaratory judgment action as if it had been filed in this case. The Certificate of Service that Atlantis included with the motion [Doc. No. 49, at 13] shows Atlantis's counsel was relying on the CM/ECF system's automatic email notification to deliver to the three counsel of record from the firm of Jeffer Mangels Butler & Mitchell LLP. These attorneys are not members of this court, they have not filed pro hac vice applications, and the service receipt associated with Atlantis's motion shows that the motion was *not* served on them by email.

However, the court will not consider the second additional "request" made in the motion to consolidate. After asking the court to consider the opposition to the stay, the plaintiff's counsel writes: "[I]t is respectful [sic] requested that the papers previously filed in the copending parallel case in regard to lack of in personam jurisdiction over International stand nunc pro tunc as and for such a motion herein, and be deemed as if made herein." *See* [Doc. No. 52, at 2]. The court is unsure what it would mean for International's "papers" on the personal jurisdiction issue in the declaratory judgment action to "stand . . . as and for such a motion "as if made herein."

Could the plaintiff be asking to dismiss *this* action for lack of personal jurisdiction? That makes no sense, because International is the plaintiff here, not the defendant. Is International asking the court to transfer this action to California, as it had moved in the alternative in the declaratory judgment action? Maybe, but that is a little more speculative and unlikely to be granted based only on the papers filed in *that* action. The only reason the court is considering International's opposition to the motion to stay is that the two motions to stay are nearly identical; thus, the legal basis of the opposition would presumably be highly similar too. But that is not the case with International's alternative motion to transfer, for various reasons including the different procedural posture the two cases are in. Therefore, this second "request" is denied.

## II.    Defendants' Motion to Stay [Doc. No. 49]

The plaintiff in this patent infringement action alleges the defendants have infringed some claims of U.S. Patent Nos. 7,823,324 B2 and 7,975,428 B2 (the ′324 and ′428 patents, respectively). Both Patents relate to indoor greenhouses with metal frames. The defendants' answers raise affirmative defenses and counterclaims that the ′324 and ′428 patents are invalid. *See* [Doc. No. 27, at 4, 6–7]; [Doc. No. 47, at 5, 7–9]. On September 10, 2012, an unrelated third party filed a request for reexamination by the U.S. Patent &

Trademark Office (PTO); that request asked the PTO to reconsider all claims of the ′324 patent. About a month later, several of the defendants here moved the court to stay this action pending reexamination at the PTO. On October 23, 2012, the PTO granted the request for an ex parte reexamination as to all claims of the ′324 patent, finding the request presented a "substantial new question of patentability" affecting all claims. *See* 35 U.S.C. § 304.

The court has broad discretion to grant or deny a stay pending reexamination by the PTO of a patent at issue. *Roblor Mktg. Group, Inc. v. GPS Indus., Inc.*, 633 F. Supp. 2d 1341, 1346 (S.D. Fla. 2008); *Tomco Equip. Co. v. Se. Agri-Systems, Inc.*, 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008). Although citing different cases, the parties essentially agree the factors the court should consider in weighing a stay are: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues and streamline the trial; and (3) whether discovery is complete and a trial date has been set.[1] *See Tomco*, 542 F. Supp. 2d at 1307; *Freedom Scientific, Inc. v. GW Micro, Inc.*, No. 8:08-cv-1365-T, 2009 WL 2423095, at *4 (M.D. Fla. July 29, 2009). It is undisputed that this case is

---

[1] International states the third factor as: "whether a stay will reduce the burden of litigation on the parties and on the court". The court views this statement as equivalent to Factor 2.

6

very early in its lifecycle: discovery is not complete[2] and no trial date has been set. Thus, Factor 3 weighs in favor of a stay. Thus, the disputed questions are (1) the amount of prejudice or tactical disadvantage to International and (2) whether the ex parte reexam would simplify and streamline the issues in this case.

**Factor 1: Prejudice**

The court finds little if any prejudice to International would result from a stay. The defendants argue there will be no prejudice or disadvantage to the plaintiff because little, if any, discovery has been conducted, and moving forward while the validity of one of the patents at issue in this case is in question would be a waste of resources for the court and the parties. Rather, the defendants argue, even if the claims of the ′324 patent emerge from reexamination unchanged, the plaintiffs will remain in the same position after the stay as they stand now. *See* [Doc. No. 49, at 4–5].

In response, International points to only one source of prejudice should a stay be granted: "Perhaps the most apparent point is that International urgently needs the equitable relief of a prompt injunction to stop Atlantis." [Doc. No. 28, at 9] (emphasis omitted). International points to Paragraph 15

---

[2] According to the defendants, "The Parties have not yet held a Rule 26(f) Conference, exchanged Initial Disclosures or engaged in discovery." *See* [Doc. 49, at 4].

of its complaint where it alleged that the defendants "threaten to continue to engage in the acts complained of" and that unless enjoined they would continue to do so. Compl. ¶ 15 [Doc. No. 1]. Because the power to grant or deny injunctive relief rests with the district court and not the PTO, International argues, International would be suffer prejudice from a stay pending reexam. However, International's argument that it "urgently" needs an injunction is belied by the fact that it has not moved the court to issue an injunction at any point during the eight months since this case was filed and, as discussed above, no counsel for International entered an appearance (or applied for admission pro hac vice) in this action for three months after it was transferred here. Therefore, because International's only suggested source of prejudice from a stay is unpersuasive, the court finds this factor weighs in favor of a stay.

### Factor 2: Simplification of Issues

The defendants argue that a stay could simplify the issues in this case because some claims of the ′324 patent may be altered (including canceled) and, even if the claims survive the reexam, the district court could benefit from "the expert view of the PTO." [Doc. No. 27, at 5] (quoting *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("The present stay has thus not terminated the action but has merely shifted to the PTO an

issue (patent claim validity) involved in the dispute before the district court. One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO."). They point to the following potential benefits flowing from the PTO's "expert view": the PTO's consideration of all prior art that is presented to the court, the potential alleviation of discovery problems relating to prior art, and the PTO's technical expertise on any claims that remain after reexamination. *Id.* (citing *Unibind Ltd. v. Provo Craft & Novelty, Inc.*, No. 1:08-cv-3713–ODE, 2009 WL 8590749, at *2 (N.D. Ga. Mar. 2, 2009) ("All prior art presented to the Court will have been first considered by the PTO")). Although only one of the two patents at issue in this case is before the PTO for reexamination, the defendants argue that all claims in the ′428 patent are "broader version[s]" of claims in the in the ′324 patent. Thus, if any claims from the ′324 patent are modified or canceled in reexam, the corresponding claims in the ′428 patent must be interpreted, modified, or even invalidated in light of the reexam. On its face, the reexamination of the ′324 patent, and the potential for that patent to be materially altered during the PTO proceedings, has the potential to simplify the issues in this action.

International makes three arguments in response, none of which persuades the court that this case would not be simplified by waiting for the PTO to complete the reexamination. First, the plaintiff argues that a stay will not simplify the issues because none of the defendants would be estopped from asserting invalidity after the reexam. In essence, International says, "Even if the PTO determines the claims of the ′324 patent are valid, the defendants can still come to this court and argue they're not." Thus, it argues, this court will still have to grapple with the invalidity issue after the reexam. However, this second bite at the invalidity apple would only occur if claims survive. If, instead, the PTO invalidates or narrows *any* claims of the ′324 patent, then there would be fewer issues for this court to deal with. *Accord Lederer v. Newmatic Sound Sys., Inc.*, No. 2:10-CV-0271-JS, 2011 WL 31189, at *3 (E.D.N.Y. Jan. 4, 2011) ("[S]hould Plaintiff's optimism about the PTO's findings be misplaced, the Court will have wasted substantial resources resolving the patentability issue.").

Second, the plaintiff argues the issues before the court "appear to be materially different from the issues before the" PTO. No. 1:12-CV-1206-CAP, [Doc. No. 28, at 11–12]. International points to a paragraph of Atlantis's complaint (again, in the declaratory judgment action) where it pleads that the ′324 patent is invalid because it fails to meet patentability requirements

of "35 U.S.C. §§ 102, 103 and/or § 112," and "For example, the invention was **<u>on sale</u>** to the public more than one year prior to the earliest filing date of '324." *Id.* (quoting No. 1:12-CV-1206-CAP, Compl. ¶ 33 [Doc. No. 1]). International argues, correctly, that the "on sale" issue is not one considered in a reexamination proceeding; thus, the basis of Atlantis's invalidity allegation is different from the prior-art bases of invalidity the PTO will consider. But Atlantis's complaint only gave an *example* of a basis of invalidity. Moreover, International's argument is self-contradictory: It seems to argue that the "on sale" bar (which comes from § 102 of the Patent Act) was Atlantis's *only* basis for invalidity; while, plainly, Atlantis *also* pled invalidity grounds under §§ 103 and 112 as well. Therefore, although the court may have to consider *more* potential bases for invalidity than can be considered by the PTO during reexamination, that does not mean the PTO's action cannot simplify the issues by, for example, finding some claim of the '324 patent invalid in light of prior art patents or printed publications under § 102 or § 103.

Third, International argues that the "probative value" of the reexamination process would be minimal. It states that the PTO already considered the same prior art cited in the reexamination request when it originally allowed the claims of the '324 patent, and the only additional prior

art added for reexamination is "an ambiguous Internet 'blog' email." No. 1:12-CV-1206-CAP, [Doc. No. 28, at 12]. However, before International filed its opposition brief, the PTO had already *found* that this "ambiguous Internet 'blog'" presented a substantial new question of patentability. *See* [Doc. No. 50-1, at 11] (explaining why the claims may be unpatentably obvious under § 103(a) in view of the Growbox reference). Therefore, the court will benefit from the PTO's analysis of nonobviousness in light of this new reference, and the court finds Factor 2 weighs in favor of a stay.

Because all three factors weigh in the defendants' favor, the court GRANTS their motion for a stay pending reexamination of the '324 patent by the PTO.

## III.    Conclusion

The plaintiff's motion to consolidate [Doc. No. 52] is DISMISSED AS MOOT because case No. 1:12-CV-1206-CAP has been dismissed. The defendants' motion to stay pending reexam by the PTO [Doc. No. 49] is GRANTED. The clerk is DIRECTED to administratively close this action. Either party may move to reopen within sixty days after the reexamination certificate is issued. *See* 35 U.S.C. § 307.

Because the court stays and administratively closes this action, it declines to adopt the joint preliminary report and discovery plan [Doc. No. 54]

or enter a scheduling order at this time. The scope of the litigation or positions of the parties may change after the reexam is complete. Therefore, the parties are DIRECTED to file a revised joint preliminary report and discovery plan within twenty days after this case is reopened. The court will enter a scheduling order as appropriate at that time.

Finally, because the plaintiff generally may not proceed with a claim against an unknown defendant, the claims against the "John Doe" defendants are DISMISSED WITHOUT PREJUDICE. *See Wayne v. Jarvis*, 197 F.3d 1098, 1102-03 (11th Cir. 1999), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003).

**SO ORDERED** this 3rd day of January, 2013.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge