UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INTERNATIONAL GROWERS SUPPLY INC, <br><br> Plaintiff, <br><br> v. <br><br> ATLANTIS HYDROPONICS, INC., VIAGROW LLC, HOME DEPOT U.S.A., INC., STEVE SEVENER, and NOAH D HUBBARD, <br><br> Defendants. | CIVIL ACTION NO. <br><br> 1:12-CV-2728-CAP |

**O R D E R**

This matter is before the court on the plaintiff's motion to reopen and to "re-transfer" the case to the Central District of California [Doc. No. 56].

On January 3, 2013, the court granted the defendants' motion to stay pending re-examination of U.S. Patent No. 7,823,324 B2 (the '324 patent), at issue in this infringement action [Doc. No. 55]. The court administratively closed the case and permitted either party to move to reopen within sixty days after the reexamination certificate issued. As noted in the plaintiff's motion, on February 22, 2013 the United States Patent and Trademark Office (PTO) issued the reexamination certificate confirming the patentability of all

claims of the '324 patent. *See* [Doc. Nos. 56-2, 56-3].[1] Accordingly and consistent with the court's January 3 Order, the plaintiff's motion is GRANTED IN PART to the extent that it seeks to reopen the case and lift the stay.

The plaintiff's motion also asks the court to "re-transfer" the case to the Central District of California. The entire basis of the motion is that court dismissed the related declaratory judgment action, Case No. 1:12-CV-1206-CAP, for lack of personal jurisdiction over International Growers Supply, Inc. The plaintiff succinctly—but incompletely—argues that "circumstances have changed" so that the declaratory judgment action is now a "jurisdictional nullity"[2]; thus Judge Otero's reason to transfer this action here based on the "first-filed" rule no longer applies.

Even though the "first filed" action has now been dismissed, the motion to transfer does not address the threshold question of whether the California court has personal jurisdiction over the defendants in this action. The

---

[1] The plaintiff's insists that the defendants' "erroneous" "arguments to this Court for [a] stay of the present case have been vitiated" by the PTO's confirmation of the '324 patent's claims. The court reminds the plaintiff's counsel that it *granted* the defendants' motion to stay because it *agrees* with the reasons presented. Plainly, the court does not consider those arguments "erroneous," notwithstanding the result at the PTO or (much less) the plaintiff's insulting characterization.

[2] The court has no idea what a "jurisdictional nullity" is, but it doubts the plaintiff's assertion is true.

transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought* or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a) (emphasis added). Whether a case might have been brought in the Central District of California depends on whether the defendants are subject to personal jurisdiction there. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). Personal jurisdiction was not an issue when the case was first transferred to this district because the defendants are all Georgia residents. But the defendants have already opposed personal jurisdiction in California, *see* [Doc. No. 26], and the California district court expressed "doubts over its ability to exercise personal jurisdiction over at least some of the Defendants," *see* [Doc. No. 43, at 2].

Thus, the plaintiff has failed to meet the threshold showing that the Central District of California is a district where this action might have been brought. Additionally, the plaintiff failed to address any of the factors that guide the court in exercise of its broad discretion on whether to grant a transfer; thus, the plaintiff cannot meet its burden to show the suggested forum is more convenient. *See England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988); *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th

Cir. 1989); *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). Accordingly, the plaintiff's motion is DENIED IN PART to the extent it seeks transfer of the action to the Central District of California.

In sum, the plaintiff's motion to reopen and transfer [Doc. No. 56] is GRANTED IN PART and DENIED IN PART. The parties are DIRECTED to file a revised joint preliminary report and discovery plan within twenty days of the entry of this order.

**SO ORDERED** this 26th day of February, 2013.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge