UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

INTERNATIONAL GROWERS
SUPPLY INC,

        Plaintiff,

    v.

ATLANTIS HYDROPONICS, INC.,
VIAGROW LLC,
HOME DEPOT U.S.A., INC.,
STEVE SEVENER, and
NOAH D HUBBARD,

        Defendants.

CIVIL ACTION NO.

1:12-CV-2728-CAP

## O R D E R

This matter is before the court on the plaintiff's motion for reconsideration [Doc. No. 63]. The motion is DENIED. The proper procedural mechanism is for the plaintiff to file a motion to transfer pursuant to 28 U.S.C. § 1404. The motion and accompanying memorandum of law should fully and independently analyze the law and facts in order to demonstrate transfer is appropriate, without incorporating earlier briefing filed in the California district court.[1]

---

[1] Of course, the parties may use or repeat those arguments if they desire. But the court will not allow the parties to merely refer to other documents in order to determine whether transfer is appropriate. To do so could allow them to skirt the page limits, would force the court to read around now-inapplicable arguments presented in those briefs, and otherwise makes the court's job at deciding this discrete issue more difficult.

Although the original reason for the case's transfer to this district has been undercut by the dismissal of the first-filed declaratory judgment action, the case is *now* before this court. The court will not exercise its discretion to transfer under § 1404(a) unless the plaintiff makes the proper showing. But if the plaintiff can show (1) the California court would have personal jurisdiction over all the defendants who do not consent to it, and (2) the balance of the convenience factors favor transfer, then the court would exercise its discretion and grant a transfer. In their briefing on the expected motion, the parties need not address matters outside what would typically be presented in a motion to transfer. Judge Otero's brief conclusions regarding the equitable factors are not binding now, in a starkly different procedural position,[2] and the parties need not refer to each others' attempts at "forum shopping" in order to paint the other's preferred forum in an unflattering light.[3] Instead, the court is interested in a clear, concise argument that

---

[2] Likewise, as the plaintiff points, out, the "doubts" he expressed about the California court's ability to exercise personal jurisdiction are not binding. The court merely mentioned them in its previous order [Doc. No. 57, at 3] to illustrate that the plaintiff had failed to carry its burden to show the case might (properly) be brought in California.

[3] Plainly, the parties would prefer to litigate this action in their home forum.

minimizes Latin legal phrases, legalese, and long block quotations from legal authorities.[4]

**SO ORDERED** this 12th day of March, 2013.


/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge

---

[4] Use of any of these less-desirable traits in a brief will not change the court's analysis of the applicable law and facts. But their exclusion will enable the court to better and more quickly grasp the most important law and facts necessary to reach a conclusion.